**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3661-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUSTIN HAZEL,

     Defendant-Appellant.

_____

          Submitted October 19, 2020 – Decided  November 4, 2020

          Before Judges Mayer and Susswein.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-07-1306.

          Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, of counsel and on the brief).

          Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

          Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Justin Hazel appeals from a March 19, 2019 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

The facts leading to defendant's conviction for murder and weapons offenses are set forth in State v. Hazel, No. A-5404-12 (App. Div. September 23, 2015). In his direct appeal, defendant challenged the sufficiency of the evidence upon which he was convicted and the trial judge's rejection of his request to charge lesser-included offenses. We affirmed defendant's conviction but remanded for resentencing. Defendant filed a petition for certification, which was denied by our Supreme Court on January 21, 2016. State v. Hazel, 224 N.J. 244 (2016).

On March 13, 2018, defendant filed a PCR application. An evidentiary hearing was held on January 25, 2019, limited to whether trial counsel's investigation and decision not to object at the time of trial to the admission of certain evidence, specifically kitchen knives, constituted ineffective assistance of counsel. In a March 19, 2019 order and accompanying twelve-page written decision, Judge Siobhan A. Teare denied defendant's PCR petition.

On appeal, defendant, through his counsel, raises the following argument:

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

Defendant asserts the following arguments in his pro se supplement brief:

POINT ONE

THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF PCR COUNSEL BY HIS FAILURE TO SUPPORT DEFENDANT'S CLAIM WITH AN EXPERT OPINION AS REQUESTED, THEREFORE THE ORDER DENYING PCR SHOULD BE REVERSED AND REMANDED TO PROVIDE DEFENDANT AN OPPORTUNITY TO FULLY EXHAUST HIS CLAIM.  (Partially raised below)

POINT TWO

THE DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF PCR COUNSEL BY HIS FAILURE TO RAISE THE CLAIM THAT DEFENDANT WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT EXERCISING HIS CONTROL OVER THE DEFENSE TO BE UTILIZED AND THE DECISION CONCERNING THE TRIAL COURT INSTRUCTING THE JURY ON THE LESSER-INCLUDED OFFENSES OF AGGRAVATED MANSLAUGHTER AND RECKLESS MANSLAUGHTER, ESPECIALLY, OVER THE DEFENDANT'S OBJECTION, THEREFORE THE ORDER DENYING THE PCR SHOULD BE REVERSED. (Not raised below)

A-3661-18T1

During the PCR evidentiary hearing, Judge Teare found defendant's trial counsel testified credibly and was "calm and composed" throughout his testimony. On the other hand, she found defendant "seemed a bit confused during cross-examination, often choosing not to answer questions he disagreed with and spoke adamantly in his responses." After seeing and hearing the witnesses, the judge did not find defendant's "testimony to be entirely credible."

The judge rejected defendant's argument that his trial counsel's failure to communicate with him regarding his case and to share discovery rendered defendant unable to assist in developing a defense strategy. At the evidentiary hearing, the State provided a statement, signed by defendant, confirming defendant met with his trial attorney several times prior to trial and that counsel answered defendant's questions. The signed statement also reflected counsel's advice that defendant accept the plea offer but defendant chose to proceed to trial against the advice of his attorney.

In addition, defendant's trial counsel testified that he met with defendant on seven occasions and each meeting lasted between "an hour and a half to two and a half hours" with the exception of the last two meetings which lasted twenty minutes. Counsel explained he was the second or third attorney to represent defendant. By the time counsel substituted into the case, the matter had been

A-3661-18T1

scheduled for trial and, as newly substituted trial counsel, he presumed the prior attorney(s) reviewed discovery with defendant. Defendant's trial attorney told Judge Teare that defendant was "fixated" on his own version of the events and the evidence and became "hostile" to the point of ignoring legal advice. Even if counsel spent less time meeting with defendant, Judge Teare aptly concluded the amount of time spent meeting with a client is not indicative of the total amount of time spent preparing for trial.

On the failure to object to the admission of testimony and evidence concerning the knives, defendant argues there was nothing linking the knives to the stabbing. At the PCR evidentiary hearing, defendant's trial counsel explained he did not object to the admission of the knives because the State's case was "very weak." Defendant's trial counsel argued during summation that the knives had no biological link to the case and were introduced by the State to confuse the jury and deflect the real issues in the case concerning defendant's guilt or innocence.

Judge Teare concluded defense trial counsel made a strategic decision regarding the knives because counsel intended to argue to the jury that the State was overzealous in prosecuting defendant without evidence linking the knives to the crime. She also rejected defendant's contention that trial counsel's failure

5

to re-enact the fight scene resulted in ineffective assistance of counsel because the argument "call[ed] for extreme speculation . . . ."

After considering the testimony during the evidentiary hearing and rendering credibility determinations, Judge Teare concluded:

> [T]rial counsel's performance was not deficient and that there [was] no reasonable probability that, but for trial counsel's strategic decisions, the result of the proceeding would have been different. It is the determination of this [c]court that trial counsel engaged in reasonable representation that in no way rose to a level of ineffective assistance of counsel.

We concluded defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in Judge Siobhan A. Teare's well-reasoned and thorough written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3661-18T1